**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-00732-RM-NYW

DAVID LEE BURKHART a/k/a Lacy Lee Burkhart,

    Plaintiff,

v.

FLOREZ, in his official and individual capacities
MOORE, in her official and individual capacities, and
YVETTE BROWN, in her official capacity,

    Defendants.

---

## ORDER
---

    This prisoner lawsuit brought under 42 U.S.C. § 1983 is before the Court on the Recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 56) to grant Defendants' Motion to Dismiss (ECF No. 33) and to grant in part and deny in part Defendant Brown's Motion for Summary Judgment (ECF No. 40). For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised Plaintiff that specific written objections were due within fourteen days after being served a copy of the Recommendation. The deadline for responding to the Recommendation has come and gone without a response from Plaintiff.

    "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

Plaintiff's amended prisoner complaint (ECF No. 6) was referred to a magistrate judge, who recommended dismissing some of Plaintiff's claims (ECF No. 9). Upon the Court's acceptance of that recommendation, three claims remained in this case: (1) a claim that Defendants Florez and Moore violated Plaintiff's rights under the First and Fourteenth Amendments by limiting her[1] ability to communicate with her husband, (2) a claim that Defendant Brown violated Plaintiff's rights under the First Amendment by requiring her to use her commitment name rather than her legal name on a form required to access the law library and by refusing to use her preferred pronouns, and (3) a claim that Defendant Brown's conduct also violated Plaintiff's rights under the Colorado Constitution. Defendants' motions were referred to the magistrate judge for a recommendation.

Because Plaintiff proceeds pro se, the magistrate judge liberally construed her pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Noting that Plaintiff has been released on parole, the magistrate judge sua sponte recommends dismissing as moot Plaintiff's claims for prospective relief injunctive.

Regarding Defendant Brown's motion for summary judgment on the grounds that Plaintiff failed to exhaust her administrative remedies, the magistrate judge determined the undisputed facts established that Plaintiff failed to complete the grievance process with respect any claim against Defendant Brown. Nor had she shown this administrative remedy was unavailable to her or that her failure to exhaust was otherwise excused. However, the magistrate judge also concluded that the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") does not apply to Plaintiff's state claim. Accordingly, the magistrate judge recommends granting the motion in part on Plaintiff's First Amendment claim and denying it in part on the state law claim.

---

[1] Plaintiff identifies as a transgender female; the Court uses her preferred pronouns.

Finally, the magistrate judge considered Defendants' motion to dismiss and determined Plaintiff's constitutional claims were subject to dismissal for failure to state a claim. With respect to the familial association claim, the magistrate judge found Plaintiff's allegations did not show that Defendants' enforcement of regulations pertaining to prisoner communications was not reasonably related to legitimate penological concerns. With respect to the retaliation claim, the magistrate judge found Plaintiff's allegations did not support an inference that Defendant Brown acted with retaliatory motives, as opposed to the intent to enforce applicable prison regulations. This determination provides an alternative basis for dismissing Plaintiff's First Amendment Claim against Defendant Brown, on which the magistrate judge already determined Defendant Brown was entitled to summary judgment. The magistrate judge further recommends that in the absence of any viable federal claims, the Court should decline to exercise jurisdiction over the remaining state claim.

The Court finds the analysis set forth in the magistrate judge's forty-three-page Recommendation is thorough and sound, and the Court discerns no error on the record.

Accordingly, the Court ACCEPTS and ADOPTS the Recommendation (ECF No. 56), GRANTS the Motion to Dismiss (ECF No. 33), and GRANTS IN PART and DENIES IN PART the Motion for Summary Judgment (ECF No. 40). The Clerk is directed to CLOSE this case.

DATED this 12th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge